## HARDING v. WILSON. (No. 7512.)

(Court of Civil Appeals of Texas. San Antonio. March 3, 1926. Rehearing Denied March 31, 1926.)

Specific performance ⊜⟶25—Plaintiff, to whom third party on his own responsibility agreed to convey defendant's land, could not require specific performance by defendant.

Plaintiff, to whom third party, acting on his own responsibility, agreed to convey land belonging to defendant, could not require specific performance by defendant, who was not a party to contract.

Appeal from District Court, Hidalgo County; Hood Boone, Judge.

Suit by W. A. Harding against J. P. Wilson. From an adverse judgment, plaintiff appeals. Affirmed.

Davis E. Decker, of Raymondville, for appellant.

Myrick & Coursey, of Harlingen, for appellee.

SMITH, J. In August, 1923, J. P. Wilson purchased a tract of 817 acres of land in Hidalgo county from C. E. Craig, at the price of $15 an acre, a part of the consideration being evidenced by vendor's lien notes aggregating $10,000. Shortly afterward Wilson wrote Craig that he was in ill health and would like to dispose of the land, and suggested to Craig that "if you have any good prospects let me hear from you." Immediately thereafter Wilson entered into a contract with one Baker, to whom he gave a 90-day option upon the land at the price of $20 an acre, .the purchaser to assume payment of the $10,000 vendor's lien notes and pay the balance in cash. Baker and Craig were acting together under this option, but, so far as the record shows, Wilson was unaware of Craig's interest therein. Early in October Craig wrote Wilson, proposing a purchaser of the land at $20 an acre, to be paid for by the assumption of the outstanding lien and a vendor's lien note for the balance, due in two years, and asking for $1 an acre commission. Wilson rejected the proposal, first, because of the provision for a commission; and, second, because he would have to have as much as $3,000 cash out of the sale, the balance of his equity to be secured by vendor's lien note. An understanding was reached, however, by eliminating the commission item, and this understanding was partially evidenced by a signed pencil notation embraced in Craig's letter to Wilson. Acting upon this understanding, but upon his own responsibility and not as Wilson's agent, Craig entered into a written contract with W. A. Harding to sell and convey to the latter a number of tracts of land, including the 817-acre tract belonging to Wilson. In accordance with this contract, but without further consulting Wilson, Craig prepared a deed from Wilson to Harding, providing for the conveyance of the 817-acre tract, and forwarded it to a bank with notice to Wilson to call and execute the instrument and obtain the note. It was provided in the deed that Harding, the proposed purchaser, would assume payment of the $10,000 outstanding vendor's lien note, and that the balance of the consideration would be paid with Harding's note to Wilson, due in two years, which note, duly executed, accompanied the deed, to be delivered to Wilson when he executed the deed. Wilson, however, repudiated the transaction, for the stated reason that his agreement with Craig called for the payment of $3,000 in cash, which was not forthcoming. The foregoing statement is of facts found by the trial court, which are supported by the evidence.

Harding brought this suit to require Wilson, the owner, to specifically perform the contract made by Craig to convey the land to Harding. The trial court held that in making the contract with Harding for delivery of title to Wilson's land Craig acted upon his own responsibility and not as the agent of Wilson, and that as Wilson had not agreed to convey the land to Harding upon the terms of the Craig-Harding contract that contract could not be specifically enforced against him. From an adverse judgment Harding has appealed.

We conclude that the evidence supports the trial court's findings of fact, and appellant's propositions of law, based as they are, upon the incorrectness of those findings, must be overruled.

As has been shown, the land in controversy belonged to Wilson. The contract for its sale, however, was between Craig and Harding, and Wilson, the owner, was not a party thereto. Craig who obligated himself in the contract to convey the land to Harding, was not the agent of Wilson, the owner, but was acting in the matter wholly upon his own responsibility. The contract did not even purport to bind Wilson, the owner, and both Craig and Harding knew and understood that fact, and that they must look to each other individually for performance of the conditions of the contract. This being true, it becomes a matter of course that Harding could not require Wilson, a stranger, to perform the obligations of the contract. If Harding had a remedy against any one, it was against Craig alone, and, as Craig could not deliver title to property belonging to another, Harding's remedy against him, if he had any remedy, was for damages.

It is contended by appellant that, although Craig concededly had no authority to bind Wilson by the contract made, yet Wilson ratified the terms of the contract by his subsequent agreement with Craig to convey the

land to Harding upon the terms stipulated in the deed tendered him for execution. But the trial court found, upon sufficient evidence, that Wilson made no such agreement as that embodied in the deed, and this finding would defeat appellant's contention even if the record could otherwise support a legal ratification of the acts of a person who did not even purport to have authority to bind the principal actor.

The judgment is affirmed.